JAMES HAWKINS APLC
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
Jeanne Sarmiento, Esq. (#309660)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com
Email: Jeanne@jameshawkinsaplc.com

Attorneys for Plaintiff WILLIAM MATNEY-TATE,
individually and on behalf of all others similarly situated

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MATNEY-TATE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GARDNER TRUCKING, INC., a California corporation; GARDNER TRUCKING CONVERSION, LLC, a California Limited Liability Company; CRST THE TRANSPORTATION SOLUTION, INC., an entity of unknown formation; CRST EXPEDITED, INC., an Iowa Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.:<br>Assigned For All Purposes To:<br>Judge:<br>Dept.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1.   Failure to Pay Wages Including Overtime as Required by Labor Code §§ 510 and 1194<br>2.   Failure to Provide Meal Periods as Required by Labor Code §§ 226.7, 512<br>3.   Failure to Provide Rest Periods as Required by Labor Code §§ 226.7, 512<br>4.   Failure to Pay Timely Wages Required by Labor Code § 203<br>5.   Failure to Provide Accurate Itemized Wage Statements Required by Labor Code § 226<br>6.   Failure to Indemnify Necessary Business Expenses Required by Labor Code § 2802; and<br>7.   Violation of Business & Professions Code § 17200, et seq.<br>8.   Failure to Pay Minimum Wages ("FLSA")<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff WILLIAM MATNEY-TATE ("Plaintiff"), individually and on behalf of all others similarly situated (hereinafter collectively referred to as the "Class" or "Class Members"), hereby files this Complaint against Defendants GARDNER TRUCKING, INC., a California corporation; GARDNER TRUCKING CONVERSION, LLC, a California Limited Liability Company; CRST THE TRANSPORTATION SOLUTION, INC., an entity of unknown formation; CRST EXPEDITED, INC., an Iowa Corporation; and DOES 1-50, inclusive (collectively "Defendants") and alleges on information and belief as follows:

## I.      JURISDICTION AND VENUE

1.      This Court has jurisdiction under 28 U.S.C. § 1331 over the claims arising under 29 U.S.C. § 201, the Federal Fair Labor Standards Act ("FLSA"). Furthermore, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining and related claims under the California Labor Code.

2.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and (c) because a substantial part of the events and omissions giving rise to the claims alleged in this complaint occurred in this District.

3.      This Court has personal jurisdiction over this matter because Defendants conduct substantial business activity in this District, and because many of the unlawful acts described in this complaint occurred in this District and give rise to the claims alleged.

## II.      PARTIES

4.      Plaintiff WILLIAM MATNEY-TATE was at all times relevant to this action a resident of California. Plaintiff was employed by Defendants in approximately January 2021 as a Non-Exempt Employee working as a driver, and worked during the liability period for Defendants until Plaintiff's separation from Defendants' employ in approximately June 2021. Plaintiff's duties included, but were not limited to, reporting to dispatch, preparing paperwork, inspecting truck, locating trailer, inspecting trailer, hooking up trailer, driving to location, unloading trailer.

5.    Defendants GARDNER TRUCKING, INC., a California corporation; GARDNER TRUCKING CONVERSION, LLC, a California Limited Liability Company; CRST THE TRANSPORTATION SOLUTION, INC., an entity of unknown formation; and CRST EXPEDITED, INC., an Iowa Corporation operate as trucking and logistics companies. Plaintiff estimates there are in excess of 100 Non-Exempt Employees who work or have worked for Defendants over the last four years.

6.    Other than identified herein, Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 50, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint when their true names and capacities are ascertained.

7.    Plaintiff is informed and believes and thereon alleges that each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the Class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other defendants.

### III.    CLASS ACTION ALLEGATION

8.    Plaintiff brings this action individually and on behalf of all others similarly situated as a class action pursuant to Federal Rules of Civil Procedure, Rule 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

9.    The members of the Class are defined as follows:

All persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution. (collectively referred to as the "Class" or "Plaintiff's Class" or "Class Members").

10.    Plaintiff also seeks to represent the subclass(es) composed of and defined as follows:

**Sub-Class 1:** All Class Members who are or were employed by Defendants who worked in excess of five or ten hours in a work day but were not provided with a timely, uninterrupted, duty-free thirty-minute meal period (hereinafter collectively referred to as the "Meal Period Subclass").

**Sub-Class 2:** All Class Members who are or were employed by Defendants who worked in excess of three and a half (3.5) or ten hours in a work day but were not authorized and permitted a rest period (hereinafter collectively referred to as the "Rest Period Subclass").

**Sub-Class 3:** All Class Members who are or were employed by Defendants at any time between September 2020 and the present and who received wage statements from Defendant (hereinafter collectively referred to as the "Wage Statement Subclass").

**Sub-Class 4:** All Class Members who have been employed by Defendants at any time between September 2018 and the present and have separated their employment (hereinafter collectively referred to as the "Waiting Time Penalty Subclass").

**Sub-Class 5:** All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass").

**Sub-Class 6:** All Class Members who are or were employed by Defendants and incurred business expenses as a result of the discharge of their duties (hereinafter collectively referred to as the "Reimbursement Subclass").

11.    Plaintiff reserves the right to amend or modify the class definition with respect to issues or in any other ways. Plaintiff is a member of the Class as well as each of the Sub-Classes.

12. The term "Class" includes Plaintiff and all members of the Class and each of the Sub-Classes, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

13. There is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

14. Numerosity. The members of the Class are so numerous that individual joinder of all of them as plaintiffs is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are at least 100 (one hundred) Class members.

15. Commonality. Common questions of law and fact exist as to all Class members and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

i.    Whether Defendants failed to pay minimum wage compensation to Plaintiff and Class Members for all hours worked;

ii.    Whether Defendants failed to accurately pay overtime to Plaintiff and Class Members;

iii.    Whether Defendants failed to accurately incorporate the value of shift differentials into the regular rate of pay for overtime and premium pay calculation purposes to Plaintiff and Class Members;

iv.    Whether Defendants violated Labor Code sections 226.7, 512, and applicable IWC Wage Orders, by failing to authorize and permit daily rest periods to Plaintiff and Class Members for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

v.    Whether Defendants violated Labor Code sections 226.7, 512 and applicable IWC Wage Orders, by failing to provide a meal period to Plaintiff and

Class Members on days they worked work periods in excess of five and ten hours and failing to compensate said employees one hour wages in lieu of meal periods;

vi.      Whether Defendants failed to maintain accurate time record including recording Plaintiff and Class Members' meal periods pursuant to Labor Code sections 1174.5 and the applicable IWC Wage Orders;

vii.     Whether Defendants failed provide accurate itemized wage statements pursuant to Labor Code sections 226;

viii.    Whether Defendants failed to reimburse business expenses incurred by Plaintiff and Class Members pursuant to Labor Code section 2802;

ix.      Whether Defendants violated Business and Professions Code and Labor Code sections 201-203, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1175, 1194, 1197, 1197.1, 1198, 2802 and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy; and

x.       Whether Plaintiff and the Members of the Plaintiff Class are entitled to equitable relief pursuant to Business and Professions Code section 17200, *et. seq.*

xi.      Whether Plaintiffs and the Members of the Plaintiffs Class are entitled to relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant to Labor Code sections 558, 1194 and 1197.

16.      Typicality. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions. Plaintiff and all members of the Class and or Subclass sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of the FLSA, California laws, regulations, and statutes as alleged herein.

17.      Adequacy. Plaintiff is qualified to and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom Plaintiff has a well-defined community of interest and typicality of claims, as demonstrated

herein. Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass. Plaintiff's attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former and current employees of Defendants may also serve as representatives of the Class and Subclass if needed.

18.    Superiority. A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The damages suffered by each Class member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

19.    Public Policy Considerations: Employers in the state of California violate employment and labor laws everyday. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear of retaliation or damage.

## IV.    FACTUAL ALLEGATIONS

20.    At all times set forth herein, Defendants employed Plaintiff and other

persons in the capacity of non-exempt positions, however titled, throughout the state of California.

21.    Plaintiff is informed and believes Class Members have at all times pertinent hereto been Non-Exempt within the meaning of the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.

22.    Defendants continue to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees, as they were all engaged in the generic job duties of intrastate trucking.

23.    Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

24.    On information and belief, during the relevant time frame, Plaintiff and Class Members frequently worked well over eight (8) hours in a day and forty (40) hours in a work week.

25.    Defendants had a common policy and practice of denying Plaintiff and class members minimum wages. Specifically, Plaintiff and class members were required to work off-the-clock for which they were not paid wages. Plaintiff and class members were required to respond to calls and text messages from Defendant before and after their shifts. Additionally, Plaintiff and class members were required to speak to management and fill out paperwork before clocking in. Plaintiff and class members were also required to do paperwork and turn in paperwork at the end of shift that was also done off-the-clock. Plaintiff and class members were never paid wages for the off-the-clock work performed. This unpaid time caused Plaintiff and class members to work in excess of eight (8), ten (10), and sixteen (16) hours a day, entitling them to overtime wages which they were systemically denied.

26.    Further, Plaintiff and Class Members received bonuses in the same pay periods in which Plaintiff and Class Members received overtime pay. However,

Defendants failed to adjust Plaintiff's and Class Members regular rates of pay by failing to incorporate the value of the bonus when calculating the overtime pay.

27.    Plaintiff is informed and believes, and thereon alleges that, during the relevant time frame, Defendants also compensated Plaintiff and the Class Members with shift differentials, but failed to incorporate the shift differentials into the regular rate of pay for overtime calculation purposes and therefore were provided inaccurate overtime pay.

28.    Defendants failed to properly calculate Plaintiff's and the Class Members' regular rate of pay because Defendants failed to include all forms of compensation in the regular rate including bonuses, incentives, differentials, commissions, and other compensation.

29.    Plaintiff and the Class Members were regularly required to work shifts in excess of five hours without being provided a lawful meal period and over ten hours in a day without being provided a second lawful meal period as required by law.

30.    Indeed, during the relevant time, as a consequence of Defendants' staffing and scheduling practices, lack of coverage, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and the Class Members timely, legally complaint uninterrupted 30-minute meal periods on shifts over five hours as required by law.

31.    Similarly, as a consequence of Defendants' staffing and scheduling practices, lack of coverage, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and the Class Members legally compliant second meal periods on shifts over ten hours as required by law.

32.    On information and belief, Plaintiff and Class Members did not waive their rights to meal periods under the law.

33.    Plaintiff and the Class Members were not provided with valid lawful on-duty meal periods.

34.    Despite the above-mentioned meal period violations, Defendants failed

to compensate Plaintiff, and on information and belief, failed to compensate Class Members, one additional hour of pay at their regular rate as required by California law when meal periods were not timely or lawfully provided in a compliant manner.

35.    Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive premium wages based on their regular rate of pay under Labor Code §226.7 but were not receiving such compensation.

36.    In addition, during the relevant time frame, Plaintiff and the Non-Exempt Employees were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order.

37.    Defendants maintained and enforced scheduling practices, policies, and imposed work demands that frequently required Plaintiff and Class Members to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof. Such requisite rest periods were not timely authorized and permitted as a result of Defendants' failure to provide relief for Plaintiff and Class Members to take their lawfully required breaks.

38.    Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiff, and on information and belief, did not pay Class Members one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful rest periods were not authorized and permitted.

39.    Defendants further failed to incorporate all bonuses earned and other remunerations into Plaintiff's and Class Member's regular rates of pay when calculating rest period premiums.

40.    Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above specified violations including Defendants' failure to identify the hourly rate of pay and the

hours worked to calculate Plaintiff's and Class Members' compensation. In addition, upon information and belief, Defendants omitted an accurate itemization of the premiums due and owing for meal and rest period violations and also gross pay and net pay figures from Plaintiff and the Class Members' wage statements. Upon information and belief, Defendants also provided an incorrect name for the employer and did not accurately reflect the rate for the shift differential. Also, on information and belief, Defendants changed the name of their entity, but did not reflect this change on the wage statements.

41.    On information and belief, Defendants failed to reimburse business expenses incurred by Plaintiff and Class Members as a result of the discharge of their duties. For instance, Plaintiff and Class Members were required to use their personal cellphones both on and off-the-clock for work related purposes. Despite these realities, Defendants failed to reimburse Plaintiff and Class Members pursuant to Labor Code § 2802.

42.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiff and Class Members for all wages owed including minimum wages, meal and rest period premiums, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

43.    Upon information and belief, Defendants knew and or should have known that it is improper to implement policies and commit unlawful acts such as:

(a)    requiring employees to work four (4) hours or a major fraction thereof without being provided a minimum ten (10) minute rest period and without compensating the employees with one (1) hour of pay at the employees' regular rate of compensation for each workday that a rest period was not provided;

(b)    requiring employees to work in excess of five (5) hours or ten (10)

hours per day without being provided an uninterrupted thirty minute meal period and/or a second meal period, and without compensating employees with one (1) hour of pay at the regular rate of compensation for each workday that such a meal period was not provided;

(c)     failing to pay Plaintiff and Class Members for all wages including overtime wages owed;

(d)     failing to timely pay Plaintiff and Class Members;

(e)     failing to provide accurate itemized wage statements;

(f)     failing to reimburse business expenses; and

(g)     conducting and engaging in unfair business practices.

44.     In addition to the violations above, and on information and belief, Defendants knew they had a duty to compensate Plaintiff and Class Members for the allegations asserted herein and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

45.     Plaintiff and Class Members Plaintiff seeks to represent are covered by, and Defendants are required to comply with, applicable California Labor Codes, the FLSA, Industrial Welfare Commission Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable provisions of California Code of Regulations, Title 8, section 11000 *et seq*.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES INCLUDING OVERTIME

### (Against All Defendants)

46.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

47.     At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is

subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

48.     At all relevant times, Labor Code §1197 provides that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the established minimum is unlawful. Further, pursuant to the IWC Wage Order and Labor Code, Plaintiff and Class Members are to be paid minimum wage for each hour worked and cannot be averaged. At all times relevant, the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

49.     At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons acting individually as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties pursuant to Section 203."

50.     Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

51.     At all times relevant, Plaintiff and Class Members regularly performed non-exempt work and thus were subject to the overtime requirements of the IWC Wage Orders, CCR § 11000, et. seq. and the Labor Code.

52.     At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.

53.     Accordingly, Defendants owe Plaintiff and Class Members overtime wages, and have failed to pay Plaintiff and Class Members the overtime wages owed.

54.     Pursuant to Labor Code §§ 510, 558 and 1194, Plaintiff and Class Members are entitled to recover their unpaid wages and overtime compensation, as well as interest, costs, and attorneys' fees.

<u>**SECOND CAUSE OF ACTION**</u>

**FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

**(Against All Defendants)**

55.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

56.     Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

57.     Pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from

being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period. On information and belief, Plaintiff and Class Members did not consent in writing to an "on duty" meal period. Further, the nature of the work of Plaintiff and Class Members was not such that they were prevented from being relieved of all duties. Despite the requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §512 and §226.7, Defendants did not provide Plaintiff and Class Members with all their statutorily authorized meal periods.

58.    For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, timely and uninterrupted meal periods of not less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants. As a proximate result of the aforementioned violations, Plaintiff and the other Class Members have been damaged in an amount according to proof at time of trial.

59.    By their failure to provide a compliant meal period for each shift worked over five (5) hours and their failure to provide a compliant second meal period for any shift worked over ten (10) hours per day by Plaintiff and the Class Members, and by failing to provide compensation in lieu of such non-provided meal periods, as alleged above, Defendants violated the provisions of Labor Code sections 226.7 and 512 and applicable IWC Wage Orders.

60.    Plaintiff and the Class Members she seeks to represent did not voluntarily or willfully waive meal periods and were regularly required to work shifts without being provided all of their legally required meal periods. Defendants created a working environment in which Plaintiff and Class Members were not provided all of their meal periods due to shift scheduling and/or work related demands placed upon them by Defendants as well as a lack of sufficient staffing to meet the needs of Defendants' business as discussed above. On information and belief, Defendants' implemented a policy and practice which resulted in systematic and class-wide

1    violations of the Labor Code. On information and belief, Defendants' violations have

2    been widespread throughout the liability period and will be evidenced by Defendants'

3    time records for the Class Members.

4        61.    As a result of the unlawful acts of Defendants described herein, Plaintiff

5    and the Class Members they seek to represent have been deprived of premium wages

6    in amounts to be determined at trial. Pursuant to Labor Code §226.7, Plaintiff and

7    Class Members are entitled to recover one (1) hour of premium pay for each day in

8    which a meal period was not provided, along with interest and penalties thereon,

9    attorneys' fees, and costs.

10                **THIRD CAUSE OF ACTION**

11    **FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN**

12                    **LIEU THEREOF**

13                **(Against All Defendants)**

14        62.    Plaintiff incorporates and re-alleges each and every allegation contained

15    above as though fully set forth herein.

16        63.    Pursuant to the IWC wage orders applicable to Plaintiff and Class

17    Members' employment by Defendants, "Every employer shall authorize and permit

18    all employees to take rest periods, which insofar as practicable shall be in the middle

19    of each work period…. [The] authorized rest period time shall be based on the total

20    hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours

21    worked or major fraction thereof.… Authorized rest period time shall be counted as

22    hours worked, for which there shall be no deduction from wages." Labor Code

23    §226.7(a) prohibits an employer from requiring any employee to work during any rest

24    period mandated by an applicable order of the IWC.

25        64.    At all relevant times, Labor Code section 226.2 requires employers to

26    pay employees compensated on a piece-rate basis for rest and recovery periods and

27    other non-driving time separate from any piece-rate compensation. Employees shall

28    be compensated for rest and recovery periods at a regular hourly rate that is no less

than the higher of: (i) an average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods; (ii) the applicable minimum wage.

65.   Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, Defendants failed and refused to authorize and permit Plaintiff and Class Members, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

66.   On information and belief Defendants created a working environment in which Plaintiff and Class Members were not provided all of their rest periods due to shift scheduling and/or work related demands placed upon them by Defendants as well as a lack of sufficient staffing to meet the needs of Defendants' business as discussed above. On information and belief, Defendants implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code. On information and belief, Defendants' violations have been widespread throughout the liability period.

67.   During the liability period, Defendants' failed to authorize and permit Plaintiff and Class Members the required rest periods pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants and Labor Code §226.7 as Defendants' and their supervisors maintained direction and control over Plaintiff and Class Members during this time. Despite this, Defendant's failed to pay Plaintiff and Class Members the required premiums owed pursuant to §226.7 or were inaccurately paid the required premiums

68.    As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial. Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which Defendants failed to provide a rest period to Plaintiff and the Class, plus interest and penalties thereon, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY TIMELY PAY WAGES

#### (Against All Defendants)

69.    Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

70.    Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein. Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

71.    Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

72.    During the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ. These wages include regular and overtime.

73.    As a result, Defendants are liable to Plaintiff and members of the Non-Exempt Production Employee class for waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

#### (Against All Defendants)

74.    Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

75.    Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the Class including applicable hourly rates and reimbursement expenses among other things. Defendants have knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage statements that have been provided to Plaintiff and the Class.

76.    IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the Class. On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226.

77.    Defendants have failed to provide Plaintiff and Class Members rates of pay and the hours for which they worked for any given pay period.

78.    Defendants have failed to accurately record all time worked.

79.    Defendants have also failed to accurately record the meal and rest period premiums owed and all wages owed per pay period.

80.    Defendants have also failed to provide the correct name of the employer

1  and have failed to accurately reflect shift differentials.

2      81.    Plaintiff and the Class have been injured as they were unable to

3  determine whether they had been paid correctly for all hours worked per pay period

4  among other things.

5      82.    Pursuant to Labor Code section 226, Plaintiff and the Class are entitled

6  up to a maximum of $4,000 each for record keeping violations.

7      83.    Pursuant to Labor Code section 266.3, any employer who violates

8  subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two

9  hundred fifty dollars ($250) per employee per violation in an initial citation and one

10  thousand dollars ($1,000) per employee for each violation in a subsequent citation,

11  for which the employer fails to provide the employee a wage deduction statement or

12  fails to keep the records required in subdivision (a) of Section 226

13      84.    As a result of the unlawful acts of Defendants, Plaintiff and the Class

14  Members have been deprived of un-reimbursed expense amounts to be determined at

15  trial, and are entitled to the recovery of such amounts, plus interest and penalties

16  thereon, attorneys' fees, and costs, pursuant to Labor Code §§ 226.

17  ## SIXTH CAUSE OF ACTION

18  ## FOR FAILURE TO INDEMNIFY NECESSARY BUSINESS

19  ## EXPENSES

20  ### (Against All Defendants)

21      85.    Plaintiff incorporates and re-alleges each and every allegation contained

22  above as though fully set forth herein.

23      86.    Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class

24  Members for necessary expenditures incurred in direct consequences of the discharge

25  of his or her duties. As a necessary part of their employment, Plaintiff and Class

26  Members had to use their personal cellphones to conduct their work duties and tasks.

27  Despite these realities of the job, Defendants failed to provide reimbursements for

28  these items necessary to carry out Plaintiff's and Class Members' job duties.

87.     Labor Code §2804 states in pertinent part: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his or her personal representative of any right or remedy to which he is entitled under the laws of this State.

88.     As a result of the unlawful acts of Defendants, Plaintiff and the Class Members have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §§ 226, and 2802.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et.seq.

## (Against All Defendants)

89.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

90.     Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

91.     Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, et seq.

92.     A violation of California Business and Professions Code §§17200, et seq., may be predicated on the violation of any state or federal law.  Defendants' policy of failing to reimburse expenses, pay Plaintiff and Class members all wages due and owing including overtime wages, and to provide Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames,

violates Labor Code § 226, §512, §1194, §510, §2802, and §226.7 and applicable IWC Wage Orders and California Code of Regulations.

93.    Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

94.    Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees, interest; and an award of costs.

## EIGHTH CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES ("FLSA")

## (Against All Defendants)

95.    Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

96.    The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq, applied to Plaintiff and Class Members' employment with Defendants at all times relevant herein.

97.    Section 206 of the FLSA, 29 U.S.C. § 206 (a)(1)(C), mandates that employers pay all employees engaged in commerce or in the production of goods for commerce, minimum wages for their work in an amount set by federal law. Section 218 of the FLSA, 29 U.S.C. § 218 (a), provides that employers pay such minimum wages as established by state law, should be higher than the federal minimum.

98.    During the liability period, Defendants failed to pay Plaintiff and Class Members minimum wages due and owing as a result of the off-the-clock work alleged above.

99.    Defendants willfully, intentionally, and with reckless regard failed to pay Plaintiff and Class Members the minimum wages for all hours worked in violation of

the FLSA.

100.    Plaintiff and Class Members are entitled, pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), to recover unpaid minimum wages, including interest, liquidated damages thereon, in amounts to be proven at trial, as well as reasonable attorneys' fees and costs. Plaintiff has consented to join this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Class;

3.    That Plaintiff be appointed as the representative of the Subclass; and

4.    That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

### On the First Cause of Action

1.    For compensatory damages equal to the unpaid balance of minimum wage compensation and overtime owed to Plaintiff and Class members as well as interest and costs;

2.    For reasonable attorneys' fees and costs pursuant to Labor Code §§ 510, and 1194;

3.    For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code §§ 1194.2, 558;

4.    For such other and further relief as the Court deems proper.

### On the Second Cause of Action

1.    For one (1) hour of premium pay for each day in which a required meal period was not provided or not provided in a timely manner; and

2.    For such other and further relief as the Court deems proper.

On the Third Cause of Action

1.    For one (1) hour of premium pay for each day in which a required rest period was not authorized or permitted; and

2.    For such other and further relief as the Court deems proper.

On the Fourth Cause of Action

1.    For statutory penalties pursuant to Labor Code §203;

2.    For interest for wages untimely paid; and

3.    For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1.    For statutory penalties pursuant to Labor Code §226;

2.    For interest for wages untimely paid;

3.    For penalties pursuant to Labor Code §266.3; and

4.    For such other and further relief as the Court deems proper.

On the Sixth Cause of Action

1.    For statutory penalties pursuant to Labor Code §2802;

2.    For interest for wages untimely paid; and

3.    For such other and further relief as the Court deems proper.

On the Seventh Cause of Action

1.    That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to, pay wages, premium wages for meal and/or rest periods, that were not provided as described herein to Plaintiff and Class Members, and to reimburse expenses, over the last four (4) years in an amount according to proof;

2.    For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

3.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover;

4.    For costs of suit incurred herein; and

5.    For such other and further relief as the Court deems proper.

On the Eighth Cause of Action

1.    For general damages as measured by unpaid wages; liquidated damages, an equal amount to the unpaid wages under federal law, including, *inter alia*, 29 U.S.C. § 216 et. seq.; and interest and attorneys fees pursuant to, *inter alia,* 29 U.S.C. § 216 et. seq.; and

2.    For such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

Dated: September 24, 2021

JAMES HAWKINS APLC

By:
JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.
MICHAEL CALVO, ESQ.
JEANNE SARMIENTO, ESQ.
Attorneys for Plaintiff WILLIAM
MATNEY-TATE individually and on
behalf of all others similarly situated